UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
|    JESSICA R. DELGADO | :   Chapter 13 |
|    aka JESSICA R. DELGADO ALVARADO | : |
| | :   Bankruptcy No. 25-14095 PMM |
| | : |
|        Debtors | : |
| | : |
| JESSICA R. DELGADO | :   Adversary No. |
| aka JESSICA R. DELGADO ALVARADO | : |
| | : |
|        Plaintiff | : |
| | : |
|    v. | : |
| | : |
| AMERICAN EXPRESS NATIONAL BANK | : |
| | : |
|        Defendant | : |

**COMPLAINT SEEKING AVOIDANCE OF PREFERENCE**
**PURSUANT TO 11 U.S.C. § 547**

1. Plaintiff is Jessica R. Delgado, the Debtor in the bankruptcy proceeding, having filed a chapter 13 bankruptcy proceeding on October 9, 2025.

2. The Defendant is American Express National Bank, a pre-petition creditor of the Debtor, with an office address of 4315 South 2700 West, Mail Code 02-01-66, Salt Lake City, Utah 84184

3. This Court has jurisdiction over this adversary proceeding, which arises in a case under the Bankruptcy Code and concerns property of the Debtor, pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), and/or (O). Venue lies in this judicial district pursuant to 28 U.S.C. § 1409(a) in that the instant adversary

proceeding is related to the above-captioned case under Title 11 of the United States Bankruptcy Code, which case is pending before this Court.

    4.  Prior to the filing of this case, Debtor owed an obligation to American Express National Bank

    5.  On August 14, 2025, Defendant entered judgment against the Debtor in Berks County in the amount of $6,332.75 to Docket No. 25-11278 with respect to a credit card opened by the Debtor on December 31, 2020.

    6.  The entry of this judgment constitutes a transfer of an interest of the Debtor in Debtor's property.

    7.  The transfer occurred within ninety (90) days of the entry of the order for relief in this proceeding.

    8.  The transfer was on account of an antecedent debt.

    9.  The transfer was made while the Debtor was insolvent.

    10.  The transfer enabled the Defendant to receive more than it would receive if the transfer had not been made and Defendant otherwise received payment in accordance with the terms of Title 11 and in this proceeding.

    11.  Such preferential transfer should be avoided and the judgment should be dissolved.

WHEREFORE, Plaintiff requests the Court enter its order avoiding the preferential transfer to Defendant and directing that the judgment by Defendant against Plaintiff be dissolved.

                                              Respectfully submitted,

Dated:  January 12, 2026

                                                s/  David S. Gellert  
David S. Gellert, Esquire  
Attorney for Debtor  
David S. Gellert, P.C.  
3506 Perkiomen Avenue  
Reading, PA 19606  
(610) 779-8000  
Fax: (610) 370-1393